# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE,
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINA RAMAZANI, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Case No. _____ |
| | § | (JURY DEMANDED) |
| CAPITAL RESTORATION, INC., | § | |
|     Defendant. | § | |

## COMPLAINT

COMES NOW the Plaintiff, CHRISTINA RAMAZANI, by and through counsel, and for her causes of action against the Defendant, CAPITAL RESTORATION, INC., does complain and allege as follows:

### I. PARTIES

1. Plaintiff, Christina Ramazani, is a female citizen of Mississippi who is currently a student at the University of Tennessee and resides in Knox County, Tennessee.

2. Upon information and belief, Defendant Capital Restoration, Inc. is an Ohio corporation that is registered to do business in Tennessee and has a place of business at 141 N. Martinwood Rd., Suite 401, Knoxville, TN 37923. Defendant Capital Restoration may be served with process through its registered agent for the State of Tennessee, Jeffrey A. Christy, 141 N. Martinwood Rd., Suite 401, Knoxville, TN 37923.

### II. JURISDICTION

3. This Court has jurisdiction to adjudicate Ms. Ramazani's claims under Title VII of the Civil Rights Act of 1964, as amended, 49 U.S.C. §§ 2000(e), *et seq.* (2012) and pursuant to 28 U.S.C. § 1331 (2012) because it is a civil action arising under the laws of the United States.

593835v1

1

4. This Court has jurisdiction to adjudicate Ms. Ramazani's claims brought under state law pursuant to its supplemental or pendant jurisdiction under 28 U.S.C. § 1367(a) (2012).

### III. VENUE

5. Venue in this District is proper under 28 U.S.C. § 1391 because it is the judicial district where Defendant resides and in which a substantial part of the events or omissions giving rise to Ms. Ramazani's claims occurred.

### IV. FACTS RELEVANT TO ALL CAUSES OF ACTION

6. Upon information and belief, at all times relevant to this Complaint, Defendant has been a for-profit corporation engaged in the business of doing home inspections, remodeling, and repairs in Tennessee, Ohio, and several other states.

7. Upon information and belief, at all times relevant to this Complaint, Defendant employed fifteen employees or more.

8. Upon information and belief, at all times relevant to this Complaint, Defendant has been engaged in an industry affecting commerce within the meaning of Section 702(b), (h) of Title VII of the Civil Rights Act of 1961, 42 U.S.C. § 2000e(b), (h).

9. Upon information and belief, at all times relevant to this Complaint, one of Defendant's owners and officers was Jeffrey Christy.

10. In November 2011, Ms. Ramazani began working part-time for Defendant at its Knoxville, Tennessee office.

11. At the time, she was twenty years of age and turned twenty-one years of age in December, 2011.

12. Ms. Ramazani's job was doing basic data entry and bookkeeping.

13. In the course of her employment, Ms. Ramazani was directly supervised by Mr. Christy and interacted with Mr. Christy on a regular basis.

14. When she was working for Defendant, her workstation was in close proximity to Mr. Christy's office.

15. When Ms. Ramazani was at work, Mr. Christy would physically touch her in an unwanted, sexual manner, and Ms. Ramazani would attempt to move away or redirect his attention to other matters.

16. Towards the end of January 2012, and while Ms. Ramazani was doing her job duties at Defendant's workplace, Mr. Christy asked Ms. Ramazani to go with him after work to watch a basketball game at a local sports bar.

17. After Ms. Ramazani initially declined his invitation, he persisted in asking and Ms. Ramazani agreed to go.

18. On or around January 25, 2012, Mr. Christy drove Ms. Ramazani to the sports bar and there, he purchased and caused her to consume multiple alcoholic beverages until the early hours of the next morning.

19. By that time, Ms. Ramazani was intoxicated.

20. Mr. Christy drove Ms. Ramazani from the sports bar to an apartment or condominium that he was using.

21. Upon information and belief, the apartment or condominium was owned, leased, rented, or otherwise used by the Defendant for business purposes.

22. Initially, Mr. Christy offered to call Ms. Ramazani a taxi to take her home, but once they entered the apartment or condominium, Mr. Christy did not call a taxi.

23. Instead, Mr. Christy intentionally began touching Ms. Ramazani's legs and breasts in a sexually aggressive manner.

24. Ms. Ramazani repeatedly told Mr. Christy to stop touching her, but he did not.

25. Ms. Ramazani repeatedly tried to push Mr. Christy's hands away from her body and move away from him, but he did not stop touching her in a sexual manner.

26. These acts caused Ms. Ramazani to be afraid for her physical safety and to fear that the unconsented sexual touching would continue or escalate.

27. Despite Ms. Ramazani's verbal protests and physical attempts to stop him, Mr. Christy forcibly engaged in sexual intercourse with Ms. Ramazani without her consent.

28. For the next few hours, Mr. Christy forced Ms. Ramazani to engage in other acts of sexual intercourse with him without her consent.

29. The foregoing constitutes sexual harassment by a supervisor in violation of Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act.

30. As a direct and proximate result of this severe sexual harassment, Ms. Ramazani immediately suffered physical injury and severe emotional distress and anxiety and continues to suffer extreme emotional distress, trauma, humiliation, anxiety, and loss of sleep on an ongoing basis. She was unable to attend classes at the University of Tennessee for a period of time because of the extreme emotional distress.

31. Because, upon information and belief, Mr. Christy was an owner and officer of the Defendant and Ms. Ramazani's direct supervisor, and because her job duties required her to work in close physical proximity to Mr. Christy and report to Mr. Christy, Mr. Christy's forcibly engaging in sexual intercourse with Ms. Ramazani without her consent created a work

593835v1

4

Case 3:13-cv-00036-TAV-HBG   Document 1   Filed 01/24/13   Page 4 of 8   PageID #: 4

environment that was so oppressive, threatening, and intolerable, that Ms. Ramazani was constructively discharged from her job by Defendant.

32. The foregoing constitutes a tangible adverse employment action taken by Defendant against Ms. Ramazani.

33. The foregoing constitutes sexual harassment and unlawful sex-based discrimination by a supervisor for which Defendant is liable under Title VII of the Civil Rights Act of 1964 to Ms. Ramazani

34. As a direct and proximate result of Defendant's unlawful conduct, Ms. Ramazani immediately suffered physical injury and severe emotional distress, anxiety, shock, and loss of sleep and continues to suffer ongoing severe emotional distress, anxiety, humiliation, and loss of sleep.

35. As a direct and proximate result of Defendant's unlawful conduct was unable to attend classes at the University of Tennessee for a period of time because of the extreme emotional distress and anxiety.

36. As a direct and proximate result of Defendant's unlawful conduct, Mr. Ramazani was unable to work for several months.

37. Ms. Ramazani filed an administrative claim with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC") on April 5, 2012, and received a Notice of Right to Sue from the EEOC on December 21, 2012, which is attached as <u>Exhibit A</u>.

# V. CAUSES OF ACTION

## A. UNLAWFUL SEX-BASED DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

38. Ms. Ramazani incorporates the allegations of paragraphs 1- 37 and further alleges as follows:

39. The foregoing constitutes sexual harassment and unlawful sex-based discrimination by a supervisor in violation of Title VII of The Civil Rights Act of 1964 for which Defendant is liable.

40. As a direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act of 1963, Ms. Ramazani has suffered and continues to suffer damage for which Defendant is liable including medical expenses, loss of earnings and employee benefits, back pay, front pay, damages for emotional distress, embarrassment, humiliation, and mental anguish, her attorneys' fees and costs, prejudgment interest, post judgment interest, and all such other remedies as shall be necessary and proper.

## B. UNLAWFUL SEX-BASED DISCRIMINATION IN VIOLATION OF THE TENNESSEE HUMAN RIGHTS ACT

41. Ms. Ramazani incorporates the allegations of paragraphs 1-40 and further alleges as follows:

42. The foregoing constitutes sexual harassment and unlawful sex or gender-based discrimination by a supervisor in violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-301, *et seq.* for which Defendant is liable.

43. As a direct and proximate result of Defendant's violations of the Tennessee Human Rights Act, Ms. Ramazani has suffered and continues to suffer damage for which Defendant is liable, including medical expenses, loss of earnings and employee benefits, back pay, front pay,

damages for emotional distress, embarrassment, and humiliation, her attorneys' fees and costs, prejudgment interest, post-judgment interest and all such other remedies as shall be necessary and proper.

**WHEREFORE, PLAINTIFF CHRISTINA RAMAZANI PRAYS AS FOLLOWS:**

1. That this Court enter judgment against Defendant and award Ms. Ramazani damages for her past, current, and future medical expenses, loss of income, physical and mental injury, emotional distress, humiliation, anxiety, and loss of enjoyment of life, in addition to any other damages sustained as a result of Defendant's unlawful conduct in an amount to be determined at trial by a jury to be fair and reasonable compensation for the loss and harm that has been done to her and to make her whole but not less than three million dollars ($3,000,000);

2. That this Court award Ms. Ramazani her attorneys' fees and costs as provided by law;

3. That this Court award Ms. Ramazani pre-judgment interest and post-judgment interest;

4. That this Court grant Ms. Ramazani any and all other legal or equitable relief as shall be necessary and proper to eliminate all discrimination identified herein and to effectuate the purposes of Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act.

5. That a jury is hereby demanded to try all issues triable by a jury.

6. And that this Court grant Ms. Ramazani such other, further, and additional relief as this Court may deem reasonable and just.

Respectfully submitted this the 24th day of January, 2013.

EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C.


By:*/s/     Melissa B. Carrasco*
**Melissa B. Carrasco, BPR # 029094**
**EGERTON, MCAFEE, ARMISTEAD**
  **& DAVIS, P.C.**
900 S. Gay Street
Suite 1400
Knoxville, TN  37902
(865) 546-0500
**Attorneys for Plaintiff**