UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRISTINA RAMAZANI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:13-CV-36-TAV-HBG ) |
| CAPITAL RESTORATION, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the Court on plaintiff's Motion for Default Judgment [Doc. 29]. In light of this motion, on April 25, 2014, the Court ordered defendant Capital Restoration, Inc. ("Capital Restoration") to show cause within seven (7) days why default judgment should not be entered against it [Doc. 31], given that the trial of this matter is set for May 12, 2014 [Doc. 8]. That seven-day period of time has now passed, and Capital Restoration has neither responded to the Court's order nor has the Court received any notice from Capital Restoration regarding this case.

### I.     Background

On or about January 24, 2013, plaintiff commenced this action against Capital Restoration [Doc. 1]. On April 19, 2013, plaintiff filed an amended complaint adding Jeffery A. Christy ("Christy") as a defendant [Doc. 14]. Plaintiff was an employee of Capital Restoration and was supervised by Christy, who was an owner and officer of

Capital Restoration [*Id.* at 3]. Plaintiff alleges that Christy sexually harassed and assaulted her in, and outside of, the workplace [*Id.* at 3–5].

Fifteen days after plaintiff filed a discrimination claim against Capital Restoration with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission, Christy filed a lawsuit against plaintiff in the Circuit Court for Knox County, Tennessee, alleging that plaintiff should be held liable for filing the discrimination charge [*Id.* at 6]. As a result, plaintiff alleges that Capital Restoration is liable for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act and that Christy is separately and personally liable for aiding and abetting Capital Restoration's unlawful retaliation, in violation of Tenn. Code Ann. § 4-21-301(2) [*Id.* at 6–8].[1]

On January 29, 2014, Magistrate Judge Guyton permitted counsel for Capital Restoration to withdraw in light of her representation that Capital Restoration—which was administratively dissolved on August 13, 2013—has elected not to defend plaintiff's claims against it [Doc. 23 p. 1]. In that order, the magistrate judge stated: "Defendants are **ADMONISHED** that they must comply with the deadlines in this case and failure to comply wi[ll] result in sanctions, which may include entry of a default judgment" [*Id.* at 2]. Capital Restoration has not appeared in this matter since its counsel withdrew, and in addition to failing to respond to the Court's show cause order, Capital Restoration has

---

[1] Because Christy has filed a petition for relief under Chapter 7 of the Bankruptcy Code, the Court severed plaintiff's claim against Christy from her claims against Capital Restoration and stayed her claim against Christy pending resolution of his bankruptcy proceeding [Doc. 32].

2

failed to: (1) jointly file a discovery status report with plaintiff; (2) file a witness list; (3) file Rule 26(a)(3) disclosures; or (4) file an agreed pretrial order or notify the Court if such an agreement was not reached [Doc. 30 p. 2]. It appears that counsel for plaintiff last communicated with a representative of Capital Restoration on February 24, 2014—at which time this representative provided a telephone number through which he could be contacted [Doc. 30-1 p. 2]. Despite plaintiff's counsel's subsequent efforts to reach Capital Restoration via telephone and mail, particularly regarding the filing of an agreed pretrial order, Capital Restoration has not responded [*Id.* at 2–3].

In light of the foregoing, plaintiff moved for the entry of an order of default judgment against Capital Restoration, pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure [Doc. 29]. Therefore, the Court entered an order directing Capital Restoration to show cause within seven (7) days why default judgment should not be entered against it [Doc. 31 p. 1].[3] The Court advised Capital Restoration that, should it fail to respond to the order or fail to sufficiently demonstrate why default judgment should not be entered against it, the Court would grant plaintiff's motion and enter default judgment [*Id.* at 1–2]. Capital Restoration failed to respond.

**II.     Analysis**

Pursuant to Federal Rule of Civil Procedure 16(f), when a party fails to appear at a pretrial conference, is substantially unprepared to participate—or does not participate in good faith—in the conference, or fails to obey a scheduling or other pretrial order, the

---

[3] The Court also ordered that plaintiff send Capital Restoration a copy of the show cause order by overnight mail as soon as practicably possible [Doc. 31].

3

Court may issue any order authorized by Federal Rule of Civil Procedure 37(b)(2)(A)(ii) through (vii). Rule 37 authorizes the following orders:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).

Moreover, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . the court, on motion and after giving an opportunity to be heard: . . . (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(c)(1)(C). "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (citations and internal quotation marks omitted). And "[t]he burden is on the potentially sanctioned party to prove harmlessness." *Id.* at 272.

As previously noted, plaintiff has requested that the Court render a default judgment against Capital Restoration. Rendering default judgment, however, is an "extreme sanction" and should not be imposed absent "a clear record of delay or contumacious conduct" by the offending party and when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Davis v. City of Dearborn*, No. 2:09-CV-14892, 2011 WL 1060744, at *1–2 (E.D. Mich. Mar. 23, 2011) (citations omitted). "[The Sixth Circuit] has determined that four factors are to be considered when reviewing a decision by a district court to impose sanctions under Rule 37." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

These factors for determining whether the district court abused its discretion in imposing sanctions include: "1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered." *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008) (unpublished) (citation omitted).

As for the first factor, "[t]o support a finding that a [party's] actions were motivated by willfulness, bad faith, or fault under the first factor, the [party's] conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citations and internal quotation marks omitted).

Here, following the withdrawal of its attorney, Capital Restoration ignored this proceeding—save one phone call between its representative and counsel for plaintiff on February 24, 2014—including its obligations pursuant to the Scheduling Order and Federal Rules of Civil Procedure. Such obligations included jointly filing a discovery status report with plaintiff, filing a witness list in anticipation of the May 12 trial date, filing Rule 26(a)(3) disclosures, and filing an agreed pretrial order or notifying the Court if such an agreement could not be reached. In fact, substitute counsel for Capital Restoration, which, as a corporate defendant, cannot proceed pro se, has not appeared in this matter following the withdrawal of Capital Restoration's former counsel in January 2014. Capital Restoration also failed to respond to this Court's order that it show cause why plaintiff's motion for default judgment should not be granted. Such conduct reflects, at the very least, a reckless disregard on the part of Capital Restoration for the effect of its conduct on the instant proceedings.

As for the second factor, "a [plaintiff] is prejudiced by the [defendant's] conduct where the [plaintiff] waste[d] time, money, and effort in pursuit of cooperation which the [defendant] was legally obligated to provide." *Id.* (citations, internal alterations, and internal quotation marks omitted). Capital Restoration repeatedly ignored plaintiff's communications via telephone and mail regarding the filing of a joint discovery status report and an agreed pretrial order. More generally, Capital Restoration's conduct has frustrated plaintiff's efforts to litigate this lawsuit and prepare for trial. Thus, the Court finds that plaintiff has suffered prejudice.

Regarding the third factor, the order permitting Capital Restoration's counsel to withdraw specifically admonished Capital Restoration that failure to comply with the deadlines in this case would result in sanctions, which could include default judgment. Moreover, the Court specifically warned Capital Restoration that default judgment would be entered against it in the event it failed to respond to the Court's April 25, 2014, order.

Finally, concerning the fourth factor, though the Court has considered other available sanctions, given Capital Restoration's conduct and the fact that this matter is set for trial on May 12, 2014, the Court finds that no less drastic sanction than default judgment is warranted.

In sum, although default judgment is an extreme sanction, all considerations lead to a conclusion that default judgment should be entered against Capital Restoration in this case.

## III. Conclusion

For the reasons explained herein, the Court will **GRANT** plaintiff's Motion for Default Judgment [Doc. 29]. Accordingly, the Court will **ORDER** that default judgment against Capital Restoration be entered in this case. Pursuant to 28 U.S.C. § 636(b), the Court will **ORDER** that the determination of damages in this matter be **REFERRED** to Magistrate Judge H. Bruce Guyton for his consideration and/or report and recommendation, as may be appropriate.

Plaintiff will be **ORDERED** to send Capital Restoration a copy of this order to its last known address by overnight mail as soon as practicably possible. The Clerk, likewise, will be **DIRECTED** to send Capital Restoration a copy of this order by standard first class U.S. mail to its last known address.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
