UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTINA RAMAZANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-036-TAV-HBG |
| | ) | |
| CAPITAL RESTORATION, INC., and | ) | |
| JEFFREY CHRISTY, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the Chief District Judge.

**I.     BACKGROUND**

On August 7, 2014, the Clerk of Court entered Judgment in favor of the Plaintiff and against Defendant Capital Restoration, Inc., ("Capital Restoration"), in the amount of $3,000,000.00, with an additional award of $410.96 per diem in prejudgment interest from the filing of the Complaint on January 24, 2013.

On August 19, 2014, the Plaintiff filed her Motion for Award of Attorney's Fees, Costs, & Post-Judgment Interest [Doc. 49]. In her motion, Plaintiff moves the Court to award her attorney's fees of $28,757.50, costs in the amount of $205.74, as required by Title VII and the Tennessee Human Rights Act, and post-judgment interest at a rate of .12 pursuant to 28 U.S.C. § 1961(a). Plaintiff filed her motion on August 19, 2014.

Defendant Capital Restoration, Inc. has not responded to the motion, and their time for doing so has expired, see E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 5, 6.

II. POSITIONS OF THE PARTIES

The Plaintiff moves the Court to award her attorney fees of $28,757.50, her costs in the amount of $205.74, and post-judgment interest at a rate of .12 pursuant to 28 U.S.C. § 1961(a). The Plaintiff has submitted both an affidavit of counsel and counsel's billing records in support of her request for attorney fees, and a list of costs incurred [Docs. 49-1, 49-2]. The Plaintiff maintains that the fees, costs, and proposed interest rate are reasonable and appropriate.

As stated above, Capital Restoration has not filed a timely response in opposition to the relief sought by the Plaintiff. The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2.

III. ANALYSIS

As an initial matter, the Court finds that the Plaintiff's request for fees, costs, and post-judgment interest is unopposed, and it could be granted on this basis alone. Nonetheless, the Court has considered the reasonableness of the Plaintiff's requested relief.

A. *Attorney Fees*

The Court finds that a lodestar analysis is the appropriate means for determining the fees reasonably incurred in this case. See Adcock-Ladd v. Sec'y of the Treasury, 227 F.3d 343, 349 (6th Cir. 2000); see also Hunter v. City of Copper Hill, Case No. 1:09-CV-238, 2013 WL 5278673, at *2 (E.D. Tenn. Sept. 19, 2013) (noting the standard applied to an attorney's fee application under the THRA is the same as the standard applied to an attorney's fee application brought by a prevailing plaintiff under federal anti-discrimination laws).

*1.    Hourly Rate Charged*

Pursuant to the lodestar method, the Court considers, first, the reasonableness of the hourly rates charged by counsel.

Plaintiff moves the Court to compensate Attorney Melissa Carrasco, an experienced associate attorney, at a rate of $200 per hour, and to compensate Attorney Ronald Hill, an experienced shareholder attorney, at a rate of $250 per hour. Plaintiff also moves the Court to compensate various law clerks and paralegals at lower rates. Ms. Carrasco has identified the rates charged by counsel and stated the experience of each professional in her affidavit. [Doc. 49-1 at 6].

The Court has reviewed the hourly rates charged, and the Court finds that they are reasonable under the case law of this District and this Circuit. See MAKS v. EODT, Case No. 3:10-CV-443, Report and Recommendation, Doc. 458 (E.D. Tenn. Feb. 11, 2014), *accepted in whole* by Chief District Judge at 2014 WL 1745432; Penn. Higher. Edu. Assistance Agency v. Coffey, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013); Trentham v. Hidden Mountain Resorts, Inc., Case No. 3:08-CV-23, Doc. 154 (E.D. Tenn. Sept. 2, 2010).

*2.    Hours Expended*

As the second component of the lodestar analysis, the Court considers the reasonableness of the hours expended in the litigation. The Plaintiff has provided the Court with the hourly billing records for this case. [Doc. 49-2]. The undersigned has reviewed these documents and finds that the hours expended in obtaining the judgment in this case were reasonable. Accordingly, the Court finds that it is appropriate to compensate the Plaintiff for the hours expended.

Based upon the foregoing, the Court finds that the Plaintiff's request for $28,757.50 is reasonable and is well-taken under both Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k), and the THRA. Accordingly, the undersigned will **RECOMMEND** that the Plaintiff's request for an award of attorney's fees be **GRANTED**.

### D. *Costs*

The Plaintiff has also requested that she be permitted to recover costs pursuant to Section 706(k) of Title VII. The Plaintiff has submitted a spreadsheet detailing the amount of each cost and describing the cost itself. The Court has reviewed these entries and finds that they are reasonable. Accordingly, the Court finds that the Plaintiff's request for reimbursement of $205.74 in costs is well-taken, and the undersigned will **RECOMMEND** that it be **GRANTED**.

### E. *Post-Judgment Interest*

Finally, the Plaintiff moves the Court to award post-judgment interest in this case.

Post-judgment interest is provided for by statute and is the "rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 29 U.S.C. § 1961(a). In this case, Judgment was entered on August 7, 2014 [Doc. 45]. According to the table published by the Board of Governors of the Federal Reserve, the rate of interest for a 1-year constant maturity Treasury for the week ending August 1, 2014 was .12.[1]

Accordingly, the Court finds that the Plaintiff is entitled to post-judgment interest at a rate of .12, and the undersigned will **RECOMMEND** that she be awarded post-judgment interest at that rate.

---

[1] Bd. of Gov. of the Fed. Reserve Sys., Selected Interest Rates (Weekly) – H.15 (Aug. 11, 2014), available at http://www.federalreserve.gov/releases/h15/data.htm, accessed December 5, 2014.

## IV. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**:[2]

1. Plaintiff's Motion for Award of Attorney's Fees, Costs, & Post-Judgment Interest **[Doc. 49]** be **GRANTED**;

2. Plaintiff be awarded attorney's fees of **$28,757.50**;

3. Plaintiff be awarded her costs in the amount of **$205.74**; and

4. Plaintiff be awarded post-judgment interest at a rate of **.12** pursuant to 28 U.S.C. § 1961(a).

Respectfully Submitted,

*[signature: Bruce Guyton]*
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).